## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHNNIE JAMES WILSON JR.,

        Plaintiff,

v.                                                                   No. 1:20-cv-00423-JAP-SMV

AHEPA MANAGEMENT COMPANY, and
JERRY MCCLURE,

        Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff, who lives in an apartment building, is "on medication for an anxiety disorder."  Motion for a Restraining Order or Cease and Desist Order; Complaint for Negligent or Intentional Infliction of Emotional Distress at 1-2, Doc. 1, filed May 4, 2020 ("Complaint"). Plaintiff alleges that his neighbor, Defendant McClure, slams his door "which jarringly, reverberates into Plaintiff's next door apartment exacerbate[ing] his pre-existing conditions." Complaint at 2.  Plaintiff has notified the apartment building management, Defendant AHEPA Management Company, of the door-slamming problem, but Defendant AHEPA Management Company "has been negligent in enforcing the rules with the named Defendant Jerry McClure." Complaint at 2.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court does not have diversity jurisdiction over this matter.  While Plaintiff "asserts Diversity of Jurisdiction, in that the named Defendant, AHEPA Management Company is located" in the State of Indiana, the Complaint also states that Plaintiff and Defendant McClure both reside in New Mexico.  Complaint at 1.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds \$75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  Consequently, there is no properly alleged diversity jurisdiction.  There is no properly alleged federal questions jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The Court dismisses this action without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's motion to proceed *in forma pauperis* as moot.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 2, filed May 4, 2020, is

**DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**